UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>H & D PROP, LLC, et al.,<br><br>　　　　Defendants. | Case No.  5:21-cv-04213-EJD<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Orlando Garcia filed this action against Defendants H & D Prop, LLC ("H & D") and Diep K. Ngo, asserting violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. Dkt. No. 1. On February 17, 2022, the parties filed a stipulation to forego the joint site inspection required under General Order 56 because H & D has sold the real property where Ngo operates the business at issue, and Ngo's business will permanently close once escrow closes. Dkt. No. 24.

At the March 24, 2022 hearing, Defendants represented that escrow is scheduled to close on April 1, 2022, and that the building will be redeveloped thereafter by the new owner. Dkt. No. 28. Garcia did not dispute those facts and acknowledged that the ADA claim would be moot as of that date.

A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-*

*Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Assn*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)).  Under circumstances similar to those here, the Ninth Circuit and other courts in this district have found ADA claims moot and dismissed those claims for lack of subject matter jurisdiction.  *See, e.g.*, *Moore v. Millennium Acquisitions, LLC*, 708 F. App'x 485, 485 (9th Cir. 2018); *Wander v. Kaus*, 304 F.3d 856, 857–58, 860 (9th Cir. 2002); *Johnson v. Torres Enters. LP*, 18-CV-02929-VKD, 2019 WL 285198 (N.D. Cal. Jan. 22, 2019).  Accordingly, the Court finds that the ADA claim is moot and dismisses it for lack of subject matter jurisdiction.

As to Plaintiff's Unruh Act claim, which is solely predicated on an ADA violation, Dkt. No. 1 ¶¶ 38-41, Plaintiff did not argue that the Court should retain supplemental jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction and dismisses the Unruh Act claim without prejudice.  *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013) ("Where a state-law claim is based entirely on a mooted ADA claim, it follows that the state-law claim is mooted as well."); *Torres*, 2019 WL 285198, at *4–5; *see also Kohler v. Southland Foods, Inc.*, 459 F. A'ppx 617, 618–19 (9th Cir. 2011) (holding that an Unruh Act claim alone does not independently sustain federal court jurisdiction merely because the Unruh Act incorporates an ADA violation as an element); *Wander*, 304 F.3d at 857 (same).

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 24, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-04213-EJD
ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION
2